Rene L. Valladares
Federal Public Defender
Nevada State Bar No. 11479
HEIDI OJEDA
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Heidi_Ojeda@fd.org

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Christopher Carey<br><br>　　　　Defendant. | Case No. 2:15-cr-00123-KJD-PAL<br><br>**Reply to the Government's Response to Defendant's Emergency Motion for Order Reducing Sentence or Modifying Judgment under 18 U.S.C. § 3582(c)(1)(A)(ii)**<br><br>**(Expedited Ruling Requested due to COVID-19 pandemic)** |

　　The COVID-19 pandemic has impacted the lives of everyone in America to some degree. But its impact on Mr. Carey has been disproportionate and devastating. Mr. Carey became infected with COVID when the virus ran rampant through Lompoc FCI. Because of Mr. Carey's age and underlying health conditions, he never recovered from COVID. Instead, his health has deteriorated substantially since his first COVID-positive test to the point that he is bed-ridden and unable to provide self-care. This Court has the jurisdiction and ability to grant Mr. Carey compassionate release. Even setting the COVID-19 pandemic

aside, Mr. Carey qualifies for compassionate release based on his deteriorating health and diminishing ability to provide self-care.

## I. THIS COURT HAS JURISDICTION BECAUSE 30 DAYS HAS PASSED SINCE MR. CAREY SUBMITTED FOR COMPASSIONATE RELEASE.

The government argues that this court does not have jurisdiction because Mr. Carey has failed to meet his burden of showing that he requested compassionate release from the warden of Lompoc. Mr. Carey submitted for release on May 15, 2020. Counsel does not have a copy of that request. On August 23, 2020, undersigned counsel emailed Lompoc requesting a copy of that request. However, based on counsel's experience with the BOP, the BOP will likely either ignore the request or inform counsel that it cannot assist in providing a copy of that request.

The government, however, has access to Mr. Carey's BOP records and can easily confirm whether Mr. Carey did, in fact, submit for compassionate release. Instead, without any reason to doubt Mr. Carey's representations that he submitted for compassionate release on May 15, 2020, the government questions Mr. Carey's credibility and argues the Court should deny Mr. Carey's request.

Several courts have simply accepted defendant's representations of when they filed for compassionate release without requiring proof.[1] Further, given Mr.

---

[1] *United States v. Trent*, No. 16-CR-00178-CRB-1, 2020 WL 1812214, at *1 (N.D. Cal. Apr. 9, 2020) ("The Government also argues that Trent failed to exhaust his administrative remedies. But that argument relies entirely on the BOP's representation that it cannot confirm that Trent submitted an earlier request for compassionate release. Trent represents that he did submit such a request. Confronted with the conflicting evidence, the Court credits Trent's representation, which is based on direct knowledge rather than failure to confirm the existence of a filing from over a month ago."); *United States v. Tran*, No. CR 08-00197-DOC, 2020 WL 1820520, at *1 (C.D. Cal. Apr. 10, 2020) (court credits

2

Carey's deteriorating health and the fact that he cannot even grasp a cup or get out of bed, its unreasonable to think that he could find, make copies of his request and mail them to undersigned counsel (assuming he even has a copy of his original request). Mr. Carey asks this Court to credit his representations of when he submitted for compassionate release and rule on the merits of his motion.

## II.  GIVEN MR. CAREY'S CURRENT CONDITION, THE SENTENCING FACTORS WEIGH IN FAVOR OF HIS RELEASE.

The government has conceded that Mr. Carey's meets the extraordinary and compelling standard. The government, however, argues that this Court should still deny Mr. Carey's request because he has only served less than 50 percent of his sentence and he was convicted of a sex offense.

Courts across the country have found it appropriate to release defendant who were convicted of sex offenses.[2]   Likewise, in these extraordinary times,

---

defendant's assertion that he spoke to Warden personally and Warden of FCI Oakdale refused to accept compassionate release request ); *United States v. Young*, No. 3:19-cr-5055, 2020 WL 2614745, at *2 (W.D. Wash. May 22, 2020) ("[c]onfronted with the apparently conflicting evidence, the Court credits Young's representation, which is based on direct knowledge rather than failure to confirm the existence of a filing from over a month ago" rejecting Government's declaration from USP Lompoc prison official claiming no request received);

[2] *See United States v. Kurtz*, 16-cr-20036, ECF No. 40 (D. Kan. May 12, 2020) (granting compassionate release to 73-year-old CP defendant hospitalized with COVID-19, who spent 18-20 days on a ventilator, "was non-responsive, non-verbal," and whose "prognosis was poor"); *United States v. Connell,* ---F. Supp. 3d---, 2020 WL 2315858, (N.D. Cal. May 8, 2020) (granting compassionate release to 69-year-old CP defendant with numerous chronic conditions serving year-and-a-day sentence at USP Lompoc); *United States v. Fischman*, No. 16-cr-00246-HSG, 2020 WL 2097615 (N.D. Cal. May 1, 2020) (granting compassionate release to 72-year-old convicted of possession of CP who had tested positive for COVID-19 and was incarcerated at Terminal Island; had approximately four

3

courts have granted release when the defendant has served only a fraction of his original sentence.[3] The fact that Mr. Carey has served only 63 months of his sentence is not a reason to deny is request when the sentencing factors weigh in favor of release.

---

months left on 70-month sentence); *United States v. Dillard*, Case No. 1:15-cr-170-SAB, Dkt. No. 71 (D. Idaho Apr. 27, 2020) (53-year-old with grievous health problems granted compassionate release after serving approximately half of 87-month sentence for second federal non-production CP offense); *United States v. Sawicz*, No. 08-cr-287, 2020 WL 1815851 (E.D.N.Y. Apr. 10, 2020) (releasing child-pornography offender with hypertension incarcerated at FCI Danbury with less than 5 months left on his sentence); *United States v. Adam Field*, No. 18 Cr. 426 (JPO), Dkt. No. 38 (S.D.N.Y. May 4, 2020) (granting CP defendant with hypertension and "nonphysical health conditions" incarcerated at FCI Danbury compassionate release); *United States v. Nicholas Pagliuca*, 17 Cr. 432 (CS), Dkt. No. 63 (S.D.N.Y. May 18, 2020) (granting 69-year-old CP defendant with diabetes and heart issues compassionate release after serving 80 percent of 36-month sentence); *United States v. Pippin*, No. 16-cr-266, ECF No. 122 (W.D. Wash. May 20, 2020) (granting compassionate release to a 50-year-old CP defendant with "multiple chronic medical conditions" who had 28 months left on an 84 month sentence and was serving his time at FCI Lompoc).

[3] *United States v. Robinson*, 18-03042-04-CR-S-SRB (WDMO) (served approximately 28 of his 132 month sentence); *United States v. Harrison*, 17-00264-01-CR-W-GAF (WDMO) (served approximately 23 of 112 month sentence); *United States v. Rodriguez-Acedo*, Case No. 19-cr-3539, Dkt. No. 44 (S.D. Cal. July 21, 2020) (served approximately 11 months of a 37 month sentence); *United States v. Tubbs-Smith,* No. 18-20310, ECF No. 65 (E.D. Mich. July 2, 2020) (release after 26 months of 10 year sentence to serve state sentence); *United States v. Torres*, 2020 WL 4019038 (S.D.Fla., July 14, 2020) (5 months into 24 month sentence); *United States v. Loyd*, No. CR 15-20394-1, 2020 WL 2572275 (E.D. Mich. May 21, 2020) (release after 3 years of 10 year sentence); *United States v. Locke*, No. 18-cr-132, 2020 WL 3101016, at 1, 6 (W.D. Wash. June 11, 2020) (compassionately releasing a defendant who had "served no more than six months of his 62-month sentence"); *United States v. Brown*, Case No. 2:18-cr-360, Dkt. No. 35 (N.D. Ala. May 22, 2020) (granting compassionate release to defendant 11 months into 60 month sentence); *United States v. Ben Yhwh*, --- F. Supp. 3d ---, 2020 WL 1874125, at *2 (D. Hawaii Apr. 13, 2020) (granting compassionate release to defendant less than 13 months into 60 month sentence); *United States v. Delgado*, 2020 WL 2464685, at *1, *4 (D. Conn. Apr. 30, 2020) (granting compassionate release to defendant 29 months into 120 month sentence); *United States v. Winston*, Case No. 1:13-cr-639-RDB, Dkt. No. 295 (D. Md. Apr. 28, 2020)(granting compassionate release to defendant 36 months into 120 month sentence); *United States v. Watson*, Case No. 3:18-cr-25-MMD, Dkt No. 51 (D. NV. Jul. 22, 2020) (granting compassionate release to defendant 14 months into 48 month sentence).

4

Mr. Carey is not a risk to the community given his current health conditions. The last entries in his medical records indicate a "failure to thrive." Mr. Carey is unable to move his lower extremities, he is unable to feel movement, he has decreased sensation in his hips down, he has gradual decreased coordination in his hands resulting in difficulty grasping face masks or medical cups, he is still on a catheter and he still has bed sores.  Mr. Carey's deteriorating health undermines any possible danger he is to the community.

Dated: August 24, 2020

>Rene L. Valladares
>Federal Public Defender
>
>     */s/ Heidi Ojeda*
>By_____
>HEIDI OJEDA
>Assistant Federal Public Defender

## CERTIFICATE OF ELECTRONIC SERVICE

The undersigned hereby certifies that she is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on August 24, 2020, she served an electronic copy of the above and foregoing **Emergency Motion for Order Reducing Sentence or Modifying Judgment under 18 U.S.C. § 3582(c)(1)(A)(ii) (Expedited Ruling Requested due to COVID-19 pandemic)** by electronic service (ECF) to the person named below:

>NICHOLAS A. TRUTANICH
>United States Attorney
>ELIZABETH WHITE
>Assistant United States Attorney
>501 Las Vegas Blvd. South
>Suite 1100
>Las Vegas, NV 89101

>*/s/ Felicia Darensbourg*
>Employee of the Federal Public Defender